Filed 3/28/24  P. v. Camero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLAVIO CAMERO,<br><br>Defendant and Appellant. | F085562<br><br>(Super. Ct. No. CF00657615)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Flavio Camero appeals from the superior court's order denying him resentencing pursuant to Penal Code[1] section 1172.75,[2] finding he was ineligible for resentencing on the ground he was not serving a sentence with a section 667.5, subdivision (b) prison prior enhancement because it was stricken at his initial sentencing. Appellant does not contend the court made a substantive error in denying resentencing; rather, he contends the court erred by failing to forward an amended abstract of judgment to the California Department of Corrections and Rehabilitation (CDCR) clarifying that he was not serving a sentence that includes a section 667.5, subdivision (b) enhancement.

While this appeal was pending, an amended abstract of judgment was filed granting the relief appellant requests on appeal. Given this event, we dismiss the appeal as moot.

## RELEVANT BACKGROUND AND DISCUSSION

In 2001, appellant was convicted of four counts of lewd and lascivious acts with a minor (§ 288, subd. (a); counts 1-4), and it was further found true appellant acted against multiple victims (§ 667.61, subds. (b) & (e)(5)) and had suffered a prison prior (§ 667.5, subd. (b)). He was sentenced to an aggregate prison term of 15 years to life. The court struck "the additional punishment" under section 667.5, subdivision (b) "pursuant to Penal Code section 1385 … in the interest of justice."

On the abstract of judgment, the preprinted instructions for section 3 state: "ENCHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Section 1172.75 declares a sentence enhancement not imposed for a sexually violent offense prior to January 1, 2020, pursuant to section 667.5, subdivision (b), is "legally invalid." (§ 1172.75, subd. (a).) Under section 1172.75, a sentence including an enhancement under section 667.5, subdivision (b) shall be recalled, and the defendant shall be resentenced. (§ 1172.75, subd. (c).)

2.

under PC 1385." In this section under "ENHANCEMENT," the abstract of judgment for appellant's case states "PC667.5(b)pur1385" and under "Y/S," states "1S."

In 2022, pursuant to newly enacted section 1172.75, the CDCR notified the superior court that appellant was serving a sentence that included a prison prior enhancement and that the court must review the matter to determine if appellant was eligible for resentencing.[3]

At the hearing on the matter triggered by the CDCR's notification, the superior court determined that because the sentencing court had stricken the prison prior enhancement, appellant was not eligible for resentencing.

Appellant appealed from the court's order contending only that the superior court should have forwarded an amended abstract of judgment to the CDCR to reflect more clearly that punishment for the prison prior enhancement had been stricken.

While this appeal was pending, the superior court filed a supplemental clerk's transcript containing an amended abstract of judgment, filed on February 6, 2024, that omitted any reference to the section 667.5, subdivision (b) prison prior enhancement. The clerk's certificate of mailing indicates the amended abstract of judgment was sent to the CDCR. We subsequently directed the parties to file supplemental briefing on whether this event rendered the appeal moot and whether the appeal should be dismissed.

---

[3] Section 1172.75, subdivision (b) directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes [a section 667.5, subdivision (b)] enhancement … and provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).)

After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of the statute, "the court shall review the judgment and verify that the current judgment includes" the sentencing enhancement and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The parties agree that appellant has obtained the relief he has sought on appeal. We agree with the parties and find consideration of the appeal would have no practical effect; thus, we conclude the sole issue presented on appeal is moot. (See *People v. Redus* (2020) 54 Cal.App.5th 998, 1008–1009 [" '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' "].) We decline to exercise discretion to decide the merits of the appeal. As such, we dismiss the appeal as moot. (See *People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1150 [dismissal is proper disposition when appeal is moot].)

## DISPOSITION

The appeal is dismissed as moot.

DE SANTOS, J.

WE CONCUR:


LEVY, ACTING P. J.


FRANSON, J.

4.